UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Case No. 15-cr-20070
                              Honorable Gershwin A. Drain

v.

DEVON PATTERSON,

    Defendant.

_____/

# ORDER DENYING DEFENDANT'S MOTION FOR TERMINATION OF SUPERVISED RELEASE [#10]

## I.    INTRODUCTION

Presently before the Court is Defendant Devon Patterson's *pro se* motion for termination of supervised release, filed on February 12, 2018. For the reasons stated below, the Court will deny Defendant's motion for termination of supervised release.

## II.    FACTUAL BACKGROUND

Defendant entered a guilty plea to conspiracy to distribute oxycodone in violation of 21 U.S.C. § 846 in the United States District Court for the Southern District of West Virginia. On July 30, 2012, he was sentenced to a term of imprisonment of 46 months and a 3-year term of supervised release. On February 10,

1

2015, a request was made to transfer Defendant's supervised release to the jurisdiction of this Court, which was granted on February 11, 2015.

On February 17, 2016, the Government issued a Second Superseding Indictment in *United States v. Arnold*, No. 15-cr-20652, charging Defendant with RICO conspiracy for his participation in a street gang referred to as the Seven Mile Bloods, which makes its money predominantly through the sale of controlled substances (Count 1), as well as for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924C(c)(Count 26).

On March 10, 2016, a petition for issuance of an arrest warrant was filed by Defendant's probation officer charging Defendant with violating the term of supervised release prohibiting him from committing criminal offenses under state, federal or local law. Defendant was arrested on July 15, 2014 for fleeing and eluding a police officer, driving on a suspended license and for assault/resisting/obstructing a police officer. Moreover, Defendant had a trial scheduled in the Mount Clemens trial court for conduct undertaken with one of his co-defendants in the Seven Mile Bloods case. Defendant was arrested on March 11, 2016 and consented to detention. The Court appointed counsel to represent Defendant in the instant proceedings.

### III. LAW & ANALYSIS

As an initial matter, Defendant may not represent himself while he is represented

by counsel. It is well settled that the right to defend *pro se* and the right to counsel are "'two faces of the same coin,' in that waiver of one right constitutes a correlative assertion of the other." *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987) (citing *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)). Thus, Defendant may not invoke his right to the assistance of counsel while simultaneously invoking his right to defend himself. In any event, Defendant has not shown that termination of his supervised release is warranted.

>Section 3583(e)(1), United States Code, Title 18, provides that:
>
>The Court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
>>(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]

After considering the factors set forth in the statute, the Court concludes that termination of supervised release is unwarranted based on the nature and circumstances of the offense and the history and characteristics of Defendant, 18 U.S.C. § 3553(a)(1), and the need to protect the public from further crimes of the Defendant, 18 U.S.C. § 3553(a)(2)(C), as well as to afford adequate deterrence to criminal conduct, 18 U.S.C.

§ 3553(a)(2)(B). Defendant's conduct while on supervision, including several interactions with the criminal justice system, as well as alleged association and participation with others in an enterprising street gang involved with various misdeeds including the sale of controlled substances show that the factors of 18 U.S.C. § 3583(e)(1) have not been satisfied, thus the Court will deny termination from supervised release.

**IV.　CONCLUSION**

Accordingly, Defendant's Motion for Termination of Supervised Release [#10] is DENIED.

SO ORDERED.

Dated: May 25, 2018  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and on Devon Patterson, Reg.No. 45964-039, Federal Correctional Institution, P.O. Box 1000, Milan, MI 48160 on
May 25, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Case Manager